**Jesse PERRY, Plaintiff–Appellant,**

v.

**State of NEW YORK DEPARTMENT OF LABOR, Mark Abramsky, John Dessingue, Defendants–Appellees.**

No. 06–3087–cv.

United States Court of Appeals, Second Circuit.

May 1, 2007.

Jesse Perry, Albany, NY, pro se.

Justin R. Long, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Michelle Aronowitz, Deputy Solicitor General, of counsel), New York, NY, for Defendants–Appellees.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Perry, *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Sand, J.), following a jury verdict for defendant State of New York Department of Labor. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we reference only as necessary to explain our decision to affirm.

"[A] party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 164 (2d Cir.1998) (citation omitted). Because this Court will make "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training," this Court nevertheless considers Perry's arguments on appeal. *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir.2006) (*per curiam* ) (citation and internal quotation marks omitted).

In reviewing the sufficiency of the evidence at trial, this Court "view[s] the facts of the case in the light most favorable to the prevailing party." *Kosmynka v. Po-*

**64**

*laris Indus., Inc.,* 462 F.3d 74, 77 (2d Cir.2006) (citation omitted). "[J]udges have a very limited role in controlling jury fact-finding, acting only when they think it highly likely that the jury decided wrongly" or that "the jury relied only on the bases of unsupported surmise and conjecture." *Sanders v. N.Y. City Human Res. Admin.,* 361 F.3d 749, 753 (2d Cir.2004). Here, the evidence presented at trial would have permitted a rational fact-finder to find that Perry had not been discriminated or retaliated against on the basis of his race, in violation of Title VII. A rational jury could have concluded that Perry did not make a *prima facie* case of discrimination because he did not present evidence that he performed his job satisfactorily. A rational jury could have also found that Perry did not make a *prima facie* case of retaliation because it could have found that Perry did not actually complain of unlawful discrimination until the decision to terminate him had already been made, and that, until that point, the Department did not know about the alleged discrimination.

Insofar as Perry raises a hostile work environment claim, Perry mentioned the claim in his complaint only. Because Perry failed to subsequently raise this claim before the district court and did not object to its omission from the jury charge, he has waived it on appeal, and, thus, this Court declines to review the sufficiency of the evidence as to this claim. *See Fabri v. United Techs. Int'l, Inc.,* 387 F.3d 109, 125 (2d Cir.2004).

Accordingly, there is no basis on which to challenge the judgment of the district court.

For these reasons, the district court's judgment is AFFIRMED.